

**FILED & ENTERED**

NOV 09 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bryant    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>BRIAN TERRY,<br><br>Debtor(s). | Case No.: 2:16-bk-26972-WB<br><br>CHAPTER 13<br><br>**ORDER DENYING MOTION TO REOPEN CASE**<br><br>[No hearing required] |

    Debtor Brian Terry's ("Debtor") *Motion to Reopen Case* (the "Motion") (Docket No. 49), filed August 18, 2017 at Docket No. 40, came before this Court without a hearing. Because the relief Debtor seeks is to continue with his chapter 13 bankruptcy case, the Court treats the Motion as a motion to vacate the order ("Dismissal Order") (Docket No. 35) entered by the Court on April 19, 2017 dismissing Debtor's case with a 180-day bar to refiling. Having considered the Motion as well as the record in this case, the Court now issues this order denying the Motion.

    A motion for relief from an order is made pursuant to Federal Rule of Civil Procedure 60, as incorporated by Federal Rule of Bankruptcy Procedure 9024. Federal Rule of Civil Procedure 60(b) provides for relief based on, among other things, mistake, inadvertence, surprise, or

excusable neglect or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1) and (6). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." <u>Id</u>. The Supreme Court in <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd.</u>, 507 U.S. 380, 387–397 (1993) articulated the following five factors to assist in the determination of whether or not neglect is excusable: the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Debtor has not met his burden to obtain relief from the Dismissal Order. After review of the record, the Court concludes that neither excusable neglect nor any extraordinary circumstance would justify relief.

Debtor argues that his case was dismissed due to his failure to appear at the continued confirmation hearing, which he said was due to the lack of written notice of the continued confirmation hearing date. Debtor states he mistakenly believed that a hearing scheduled for April 12, 2017 at 1:30 p.m. on the chapter 13 trustee's objection to Debtor's claim of exemption was the continued confirmation hearing date. However, Debtor was present at the initial confirmation hearing representing himself on March 8, 2017 at 10:00 a.m. wherein the Court continued the confirmation hearing on the record and expressly stated the date and time of the continued confirmation hearing of April 12, 2017 at 11:00 a.m. Debtor acknowledged the date and time of the continued confirmation hearing.

Further, Debtor's failure to appear at the hearing was not the only basis for dismissal of the case. The Court dismissed the case at the April 12 confirmation hearing due to Debtor's failure to address the chapter 13 trustee's objections to confirmation. At the continued confirmation hearing, the chapter 13 trustee reported that Debtor failed to address any of the issues presented at the initial confirmation hearing. Debtor failed to make one plan payment. Debtor failed to file a mortgage declaration showing that any mortgage payments had been made

since the commencement of the case. The plan was infeasible. The Court noted on the record at the hearing that this is Debtor's second bankruptcy, filed within two weeks of dismissal of Debtor's prior chapter 13 bankruptcy case. Further, at the initial confirmation hearing Debtor stated he expected to resolve all claims by the continued confirmation hearing date, yet nothing was done. Finally, Debtor filed his Motion on August 11, 2017, four months after dismissal of his case. Debtor failed to explain the reason for the delay and the Court finds the Motion untimely in light of the facts of the case

The Court concludes that under the circumstances of this case, Debtor's failure to appear at the continued confirmation hearing is not the result of excusable neglect and that there is no basis under Rule 9024 justifying relief to Debtor from the order dismissing Debtor's second bankruptcy case. Further, the 180-day bar in this case expired on October 16, 2017; thus, there is no present obstacle to Debtor filing a new case.

Based on the foregoing, the Debtor's motion to vacate the order dismissing this case is DENIED. This Order constitutes the Court's findings of fact and conclusions of law.

###

Date: November 9, 2017

Julia W. Brand
United States Bankruptcy Judge